UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY STEVEN MEREDITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION, ADA COUNTY COURT, and MAGISTRATE RANSOM BAILEY,<br><br>　　　　Defendants. | Case No. 1:20-cv-00377-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Jeremy Steven Meredith was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 1, 3.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims.

REVIEW OF COMPLAINT

**1.  Factual Allegations**

Plaintiff alleges that Idaho Magistrate Judge Ransom Bailey denied Plaintiff's motion to proceed in forma pauperis in three separate state court actions: Case No. 19-15529, a name change case, identified as "Redaction of Jeremy Meredith to Un-Redacted Jeremy Forever" to dissociate himself from his "slave name"; Case No. 19-16554, a civil

case regarding several commercial companies; and Case No. 19-17123, a prisoner habeas corpus case. The Idaho Supreme Court repository shows (1) that the in forma pauperis applications were denied by the state court in those cases; (2) that Plaintiff owes $166.00, $221.00, and $166.00, the total amount of each filing fee in each case, respectively; and (3) that Plaintiff has made no payment toward the filing fee in any of those cases. See Exhibit A.

Plaintiff asserts that he recently paid $160.00 toward the filing fees in those cases. The Idaho Supreme Court repository reflects otherwise. On April 6, 2020, Plaintiff paid $160.00 to the Ada County Court, which was applied to an amount due and owing on a criminal case, CR-FE-2009-021086, for which he owed fees or restitution in the amount of $831.73. See Exhibit B.

Plaintiff also asserts that he is being held in prison illegally and is entitled to be released on parole, according to the Idaho Justice Reinvestment Act. In a supplement to his Complaint, he asserts that his case manager refused to help him prepare and submit a self-initiated parole request after the Idaho Commission of Pardons and Parole denied him parole and passed him to his full-term release date.

He asks for an order reducing his sentence to time served to effectuate his release and for any other relief the Court deems just.

## 2.  Standard of Law for Screening

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 3.  Access to Court Claims

#### a.  *First Amendment*

Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state an access to courts claim when a prisoner claims that he suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in a suit that otherwise could be brought. *Id*. at 415-17.

The United States Supreme Court has explained that failing to grant in forma pauperis status in *frivolous* cases is *not* contrary to the Constitution:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system.

*In re Sindram*, 498 U.S. 177, 180 (1991) (citations omitted).

In addition, the right of indigent persons to access the courts without paying the filing fee extends only to federal habeas corpus actions and federal civil rights actions. *See Lewis v. Casey*, 518 U.S. at 354 (noting the court was willing to "extend[] this

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

universe of relevant claims [from conviction challenges] only slightly, to 'civil rights actions'—i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights'" in *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Indeed, "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." *Id.*, (citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 114 (1996)); *see United States v. Kras*, 409 U.S. 434 (1973).

As an indigent prisoner, Plaintiff does not have a right to file a name change petition, a civil case regarding his business interests, or a state habeas corpus action without prepayment of the filing fee, because those are causes of actions not within federal constitutional protections recognized in *Lewis v. Casey*. 518 U.S. at 354. Therefore, he has failed to state a federal claim upon which relief can be granted with these allegations.

### b. *Rooker-Feldman*

In addition, Plaintiff's claims implicate the *Rooker-Feldman* doctrine because he is contesting the entry of an order by a state court. Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

(internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*. at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

In *Coleman v. Governor of Michigan*, 413 F. App'x 866, 868 (6th Cir. 2011), the United States Court of Appeals for the Sixth Circuit upheld dismissal of the plaintiffs' claims challenging the constitutionality of a Michigan statute which required them to pay fees prior to filing civil actions. The plaintiffs had been denied pro se status for civil claims in state court and brought suit in federal court to challenge the constitutionality of the statute at issue, and its enforcement by state officials and judges. *Id.* The court explained that *Rooker–Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Id*. at 870 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005)). Ultimately, the court found that the plaintiff's claims were barred by *Rooker–Feldman* because the source of their injury "originates from the state court's application of the statute to Plaintiffs," either through refusal to file judicial-review claims, or through refusal to grant fee waivers. *Id*. at 872. Any prospective injunctive relief was also barred, because it would be predicated on a determination that the state court's decision to deny fee waivers was improper. *Id*.

While not a case of precedent, this Court finds the Sixth Circuit court's reasoning in *Coleman* sound. Here, Plaintiff seeks to overturn orders entered by Judge Bailey. As the Sixth Circuit court explained in *Coleman*, Plaintiff's claims fall squarely within *Rooker–Feldman*'s bar against state-court litigants "complaining of injuries caused by state-court judgments." 413 F. App'x at 870, 872. Therefore, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Plaintiff's remedy is to seek review in the Idaho Supreme Court, and if no relief is afforded, then in the United States Supreme Court. Even if Plaintiff's state appeal times have expired, that fact does not confer federal jurisdiction over claims where no jurisdiction lies in the first place.

## 2. Eleventh Immunity Analysis

Plaintiff cannot proceed against the Idaho Department of Correction. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's

jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 3. Judicial Immunity

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In other words, if declaratory relief in an action *is* available, absolute judicial immunity bars any claims for injunctive relief in that action. *See Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Therefore, to determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies "however erroneous the act may have been, and however

injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal citations omitted). For example, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party: "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Id.* at 1078.

Judge Bailey was acting within his jurisdiction in adjudicating cases assigned to him in state court and was performing judicial acts when he denied Petitioner's motions for in forma pauperis status. Thus, Judge Bailey is immune to any claims for damages arising from actions taken in Plaintiff's criminal case.

### 4.  Release as a Remedy

Plaintiff desires to have his prison sentence shortened to "time served" as a remedy in this action. The Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in § 1983 action.

### 5.  State Entity Defendant

Plaintiff also brings suit against the Idaho Department of Correction. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against

a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not pursue his claims against the Idaho Department of Correction in federal court.

### 6. County Entity Defendant

Plaintiff also sues the Ada County District Court. To bring a § 1983 claim against a municipality (local governmental entity), a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom

was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

Here, Plaintiff complains of three orders denying in forma pauperis status entered by Judge Bailey in the Fourth Judicial District Court of Ada County. He has not specified a that a county policy underlies and caused the denial of the motions. Regardless, his claims are barred because this Court cannot review the propriety of the three orders entered by Judge Bailey, under the *Rooker-Feldman* doctrine and because release from prison is not an available remedy under the civil rights statute.

### 7. Parole Claims

Plaintiff asserts that his case manager would not aid him in preparing a self-initiated parole request. However, his grievance shows that he was not eligible to submit such a request for one year after denial of parole. It is undisputed that the year has not passed. Plaintiff has no constitutional right to help in the preparation of a premature (or even a timely) self-initiated parole request. In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed held that in Idaho "parole is not an automatic right or liberty interest." *Id*. at 908. The United States Supreme Court also has made it clear that there is "no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to

offer parole to their prisoners." *See Swarthout v. Cooke,* 562 U.S. 216, 220 (2011); *Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987). These facts fail to state a claim upon which relief can be granted.

### 8.   Conclusion

Plaintiff may not proceed on any of his claims, and his Complaint will be dismissed without prejudice. If he desires to amend to attempt to state a claim, he may file an amended complaint. If he does nothing further within the next 30 days, the Court will enter judgment and close this case.

### 9.   Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court will presently deny the request for appointment of counsel without prejudice because it does not appear that Plaintiff has a legal cause of action in federal court based on the facts presented. The Court will consider appointment at a later date if Plaintiff files an amended complaint containing claims that appear meritorious and after the Court has had an opportunity to review Defendant's defenses and the parties' evidence concerning the facts of the case.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

## ORDER

1. Plaintiff has failed to state a federal claim upon which relief can be granted. The Complaint (Dkt. 1) is DISMISSED without prejudice.

2. If Plaintiff desires to file an amended complaint, he must do so within **30 days**. If he does not, the Court will enter judgment and close this case without further notice.

3. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice.

DATED: November 4, 2020

B. Lynn Winmill
U.S. District Court Judge